UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNETTE M. WEBB                                          CIVIL ACTION

VS.                                                      NO. 2:17-cv-5777

AETNA LIFE INSURANCE COMPANY

**COMPLAINT**

The Complaint of Annette M. Webb respectfully alleges:

1. This is a claim for ERISA **short and long term disability benefits**.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Annette M. Webb**, of lawful age and a resident of Reserve, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Boyd Gaming Corporation and an insured participant of a group disability policy issued by Aetna Life Insurance Company.

4. Defendant, Aetna Life Insurance Company **("Aetna"),** is a foreign corporation doing business in Louisiana. Upon information and belief, Aetna is incorporated in Connecticut and its principal place of business is in the state of Connecticut.

5. Aetna issued a group policy, No. GP-838913-LA-GI, insuring the employees of Boyd Gaming Corporation. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis. Ms.

Webb was forced to stop working due to chronic back pain that prevented her from working at her job as a custodian for a local casino.

8. Plaintiff worked as a custodian until she was forced to stop working on December 11, 2014 due to her medical condition. She suffers from spinal stenosis and lumbosacral spondylosis. More specifically, she has disk degradation L5-S1 with degenerative facet joint arthropathy, severe in degree, an annual tear in the right foramen, etc.

9. Plaintiff is disabled under the terms of the disability policy issued by Aetna.

10. Aetna unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, providing evidence from her doctors indicating that she is unable to return to work.

12. Aetna upheld its previous decision.

13. Aetna's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

14. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse Aetna's denial of benefits.

15. Aetna has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

16. Aetna has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

17. Aetna has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

18. Aetna administered Plaintiff's claim with an inherent and structural conflict of interest as Aetna is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Aetna's assets.

19. Aetna has failed to give the policy and Plan a uniform construction and interpretation.

20. Aetna chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

21. As a routine business practice, Aetna uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

22. Aetna's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

23. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

24. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

25. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                                                Respectfully submitted,

                                                <u>/s/ Reagan Toledano</u>
                                                WILLEFORD & TOLEDANO
                                                James F. Willeford (La. 13485)
                                                Reagan L. Toledano (La. 29687)
                                                201 St. Charles Avenue, Suite 4208
                                                New Orleans, Louisiana 70170
                                                (504) 582-1286; (f) (313)692-5927
                                                rtoledano@willlefordlaw.com